UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO HUDSON,

    Plaintiff,

v.

DENISE HOOD, et al.,

    Defendants,
_____/

Case No. 2:17-cv-10608

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER SUMMARILY
DISMISSING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C § 1915(e)(2)**

Plaintiff Antonio Hudson filed a pro se complaint against Chief United States District Judge Denise Hood, United States District Judge Arthur Tarnow, United States Circuit Judge Alice Batchelder, United States District Judge Peter Economus, United States Supreme Court Clerk Scott Harris, United States Supreme Court Case Manager Clayton Higgins, Michigan Governor Rick Snyder, the Michigan Department of Corrections, and Michigan Parole Board Member Michael Eagen. Hudson alleges violations of a variety of statutes: 28 U.S.C. § 2254; 28 U.S.C. § 2244; 42 U.S.C. § 1983; 42 U.S.C. § 1985(2), (3); 28 U.S.C. § 1331(a); 28 U.S.C. § 1332; 28 U.S.C. § 1343(2), (3), (4); 28 U.S.C. § 1391(b)(2)(c); 18 U.S.C. § 241, 242; *Bivens v. Six Unknown Named Agents*; the Habeas Corpus Act; the RICO Act; and Title Six of the U.S. Civil Rights Act of 1964. Additionally, Hudson alleges numerous violations of the United States Constitution: Article 1, Section 9, Cl. 2; and the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Hudson seeks $106,000,000 in damages. For the following

1

reasons, the Court will grant Hudson's application to proceed in forma pauperis, and dismiss the complaint.

## BACKGROUND

In 1990, a Michigan court convicted Hudson of multiple crimes: two counts of kidnapping, Mich. Comp. Laws § 750.89; first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520B; and assault with a dangerous weapon, Mich. Comp. Laws § 750.84. ECF 2, PgID 47. He was sentenced to 15 to 30 years imprisonment. He petitioned a federal court for a writ of habeas corpus. After 10 years of litigation, the court denied Hudson's petition. *See Hudson v. Kapture*, Case No. 2:99-cv-73834 (E.D. Mich. Sept. 15, 1999) (Tarnow, J., presiding). The Sixth Circuit affirmed. *Id.* at ECF 205. As a prisoner, Hudson filed a § 1983 and *Bivens* claim against Judge Tarnow and Governor Snyder (and other federal and state officials), alleging statutory and constitutional violations based on the denial of his habeas petition. *See Hudson v. Tarnow, et al.*, Case No. 2:13-cv-12604 (Economus, J., presiding). This case was dismissed with prejudice for failure to state a claim. *Id.* at ECF 89. After Hudson's release from custody, he filed the present complaint.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must summarily dismiss any in forma pauperis complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. When reviewing a complaint under § 1915(e), however, the Court must grant a "liberal construction to pro se filings." *Jones v. Caruso*, 569 F.3d 258, 263 (6th Cir. 2009). And the Court must accept a pro se plaintiff's factual allegations as true, unless they are "irrational

or wholly incredible." *Patterson v. Godward*, 370 F. App'x 608, 609 (6th Cir. 2010) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). But "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

"A complaint is frivolous where plaintiff failed to present a claim with an arguable or rational basis in law or in fact." *Perry v. Rose*, 205 F.3d 1341 (6th Cir. 2000) (unpublished table decision). For example, "an in forma pauperis complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious." *Cummings v. Mason*, No. 1:11-CV-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011); *see, e.g., McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (quotations omitted); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that 28 U.S.C. § 1915 permits dismissal of a complaint "that merely repeats pending or previously litigated claims.").

A complaint is duplicative when the "parties and available relief do not significantly differ from an earlier-filed action." *Cummings*, 2011 WL 2745937, at *2. "Although complaints may not significantly differ, they need not be identical." *Id.* (quotations omitted). For example, a complaint that "repeats the same factual allegations" against "different defendants" may be dismissed as duplicative. *Id.* (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Here, Hudson's complaint is substantively identical to the claim he filed nearly four years ago. *See Hudson v. Tarnow, et al.*, Case No. 2:13-cv-12604 (E.D. Mich. Sept. 22, 2014). In the earlier-filed case, Hudson brought a claim under § 1983 and *Bivens* against Judge Tarnow, Governor Snyder, the Michigan Department of Corrections, and other

3

federal and state officials. *Id.* He alleged that the denial of his habeas petition violated his civil rights. The prior court decided Hudson's claim on the merits: the doctrine of judicial immunity barred Hudson's claims against the federal defendants, and Eleventh Amendment and qualified immunity barred his claims against the Michigan defendants. *Id.* at ECF 89. The prior court denied Hudson's application to proceed in forma pauperis on appeal, and the Sixth Circuit affirmed. *Id.* at ECF 101.

Hudson's present complaint does not significantly differ from his earlier-filed suit. He repeats the same factual allegations against Judge Tarnow, Governor Snyder, and the Michigan Department of Corrections, and adds Judges Hood, Batchelder, and Economus, Supreme Court Clerk Harris, United States Supreme Court Case Manager Higgins, and Michigan Parole Board Member Eagen as defendants. And Hudson's complaint repeats his previously-litigated claim that federal and state officials violated his civil rights during the litigation of his petition for habeas corpus. Although he added six defendants, his present claim is substantively identical to his earlier-filed claim. Accordingly, the Court will dismiss the complaint under § 1915(e)(2)(B) as frivolous or malicious. The Court also finds that an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. §1915(a)(3). Therefore the Court will deny Hudson leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Hudson's Application to Proceed In Forma Pauperis [2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Hudson's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Hudson is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated:  March 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2017, by electronic and/or ordinary mail.

s/David P. Parker  
Case Manager